FILED
DECEMBER 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD E. POWELL, KENNETH R. BOYD, <br> D. TROY PRUITT, BRIAN JORDAN, <br> JAMES V. MORGAN and JOHN DOUGHERTY, as <br> Trustees on behalf of UNITED FOOD AND <br> COMMERCIAL WORKERS UNIONS AND <br> EMPLOYERS MIDWEST PENSION FUND, <br><br> Plaintiffs, <br> v. <br><br> GILMAN NURSING CENTER, LLC, <br> a/k/a GILMAN NURSING HOME, LLC, <br><br> Defendant. | Case No. 07 CV 6181 |

### FIRST AMENDED COMPLAINT

NOW COME Plaintiffs, RONALD E. POWELL, KENNETH R. BOYD, D. TROY PRUITT, BRIAN JORDAN, JAMES V. MORGAN and JOHN DOUGHERTY, as Trustees on behalf of UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND, (hereinafter, "MIDWEST PENSION FUND"), by and through their attorneys, THE KARMEL LAW FIRM, and for their cause of action against Defendant, GILMAN NURSING CENTER, LLC, a/k/a GILMAN NURSING HOME, LLC (hereinafter, GILMAN), allege as follows:

### JURISDICTION AND VENUE

1. This action is brought by Plaintiffs, as Trustees of the MIDWEST PENSION FUND, for the purpose of securing payment of pension benefits contributions from GILMAN, pursuant to the terms of a Collective Bargaining Agreement ("CBA"). The CBA for the term July 1, 2005 through July 1, 2008 was entered into between GILMAN, as Employer, and UNITED FOOD AND

GILMAN First Amended Complaint



EXHIBIT 1

COMMERCIAL WORKERS UNION, LOCAL NO. 1546, chartered by UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO, CLC (hereinafter, "Local 1546"). A copy of the CBA is attached hereto as Exhibit "A".

2.  This action is governed by the Employee Retirement Income Security Act of 1974 as amended (hereinafter, "ERISA"), 29 U.S.C. §1001 et seq., particularly sections 502 and 515 of ERISA, 29 U.S.C.§§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (hereinafter, "LMRA"), 29 U.S.C. §185(a).

3.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(f) and 29 U.S.C. § 185, as well as general federal question jurisdiction pursuant to 28 U.S.C. §1331.

4.  Venue is established within the geographic jurisdiction of this Court pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e)(2), as this is the district in which the MIDWEST PENSION FUND is administered.

## THE PARTIES

5.  Plaintiffs herein are Trustees of the MIDWEST PENSION FUND, which is established and operates pursuant to an Agreement and Declaration of Trust (hereinafter, "Trust Agreement") for the purpose of providing pension benefits for employees. A copy of the Trust Agreement is attached hereto as Exhibit "B." The MIDWEST PENSION FUND is a multi-employer benefits fund within the meaning of ERISA, 29 U.S.C. §1001 et seq. The MIDWEST PENSION FUND has its principal office at 1300 West Higgins Road, Park Ridge, Illinois, and is administered from that location.

6. At all times material hereto, Defendant, GILMAN, engaged in interstate commerce or in an industry or activity affecting commerce within the meaning of ERISA, 29 U.S.C. §1002(11) and (12). At all times material hereto, GILMAN operated a nursing home in Gilman, Illinois.

## COUNT I

### (Action to Collect Unpaid Contributions and Liquidated Damages)

7. Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs 1 through 6 of the Complaint.

8. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g), the CBA, and the Trust Agreement, Plaintiffs are empowered to take all necessary action to recover all contributions due, together with interest, liquidated damages, reasonable attorneys' fees, and court costs.

9. Article V of the Trust Agreement requires the payment of liquidated damages by GILMAN to the Fund for each month a delinquency exists. Such liquidated damages have been established at 10% of the amount of contributions due for the first month of the delinquency and, in addition thereto, 1½% for each additional month such delinquency remains outstanding. Said article also provides that the Employer shall be liable for the cost of filing suit and reasonable attorneys' fees.

10. MIDWEST PENSION FUND is a third-party beneficiary to the CBA because it is designated by the CBA to receive contributions to be used to provide pension benefits for employees covered by the CBA.

11. Plaintiffs have performed all the conditions required to be performed pursuant to the terms of said Agreements.

12. As of the present, GILMAN has failed to make pension contributions to the MIDWEST PENSION FUND for the months of November 2006 through November 2007 and is therefore delinquent and in breach of the CBA in the amount of, at least, $16,954.88, plus liquidated damages and interest.

13. In view of the foregoing, GILMAN owes the MIDWEST PENSION FUND contributions in the amount of, at least, $16,954.88 for the above-mentioned months, which have not yet been paid, as well as liquidated damages, interest, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court grant relief, as follows:

a. Enter an Order requiring Defendant, GILMAN, to account to Plaintiffs for all sums due under the provisions of the CBA and the Trust Agreement.

b. Enter an Order requiring Defendant, GILMAN, to specifically perform under the terms of the CBA and the Fund's Trust Agreement, and to pay to Plaintiffs unpaid principal.

c. Enter an Order requiring Defendant, GILMAN, to pay to Plaintiffs liquidated damages on all delinquent contributions, together with Plaintiffs' attorneys' fees and costs.

d. Enter an Order requiring Defendant, GILMAN, to pay to Plaintiffs an amount equal to the interest on the unpaid contributions at the rate prescribed under Section 6621 of the Internal Revenue Code of 1985; and

e.  For such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Mindy Kallus
Mindy Kallus
One of the Attorneys for Plaintiffs, Ronald Powell, Kenneth R. Boyd, D. Troy Pruitt, Brian Jordan, James V. Morgan and John Dougherty, as Trustees on behalf of United Food and Commercial Workers Unions and Employers Midwest Pension Fund

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street - Suite 1414
Chicago, IL 60601
(312) 641-2910