Case 1:07-cv-06181   Document 11-3   Filed 12/18/2007   Page 1 of 6
Case 1:07-cv-99999   Document 2   Filed 11/01/2007   Page 29 of 34

As amended through Amendment XII

# UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND

## AGREEMENT AND DECLARATION OF TRUST

This Agreement and Declaration of Trust is made as of _____, 19____, by and between _____, Employer, and Local _____, affiliated with United Food and Commercial Workers International Union, AFL-CIO & CLC.

### WITNESSETH:

WHEREAS, the Employer has entered into a Collective Bargaining Agreement with the Union Local listed above, which Agreement is effective from _____ through _____, and

WHEREAS, said Agreement is part of a series of similar agreements heretofore entered into between certain Employers and Local Unions as defined herein, each of which contemplates the creation of a Trust Fund for the purpose of providing retirement benefits for the Employees and the payment of contributions by Employers for the purpose of financing the costs of the retirement benefits (it being understood that Employers having a plan for retirement benefits presently in effect may terminate said plan).

NOW, THEREFORE, in consideration of the premises and mutual promises and covenants herein contained, the parties hereto agree as follows:

### ARTICLE I—Definitions

SECTION 1—The term "Collective Bargaining Agreement" shall mean any written contract between an Employer and a Union which recognizes the Union as exclusive bargaining agent of a bargaining unit of the Employer's Employees affecting such Employees' wages, hours, and other conditions of employment, which written contract shall include provisions for Contributions to the Fund.

SEC. 2—The term "Union" shall include any Local Union which is or may become a party to this Agreement and which is affiliated with United Food and Commercial Workers International Union, AFL-CIO, CLC.

SEC. 3—The term "Employer" shall mean any Employer who:

(1) On or after the Effective Date, has a Collective Bargaining Agreement with a Union requiring periodic Contributions to be made to the Pension Fund;

(2) Signs a copy of the Trust Agreement or in some other manner indicates consent to be bound by the terms of the Trust Agreement which is then filed at the administration office of the Pension Fund;

(3) Is accepted for participation in the Pension Fund by the Trustees in accordance with the provisions of the Plan; and

(4) Makes Contributions to the Pension Fund as required by the Collective Bargaining Agreement.

If an Employer has more than one place of business, the term "Employer" shall only apply to the place or places of business covered by the Collective Bargaining Agreement requiring Contributions to the Pension Fund.

The term "Employer" shall also mean the United Food and Commercial Workers Unions and Employers Midwest Pension Fund, the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, the Union, United Food and Commercial Workers Union State Council and the Illinois Food Retailers Association, provided that they sign a copy of the Trust Agreement as Employer becoming bound by its terms and agree to make Contributions to the Pension Fund, pursuant to a Participation Agreement upon such terms and conditions necessary to preserve the actuarial soundness of the Fund and to preserve an equitable relationship between the Contributions made by the other Employers participating in the Plan and the benefits payable to the Employees of such other Employers and the said Participation Agreement be unanimously acceptable to the Trustees.

SEC. 4—The term "Employee" shall mean any Employee on whose behalf payments are required to be made to the Pension Fund by an Employer pursuant to a Collective Bargaining Agreement with a Union and any Employee employed by the Pension Fund, the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, the Union, the United Food and Commercial Workers Union State Council and the Illinois Food Retailers Association, on whose behalf such Employers are making Contributions to the Pension Fund pursuant to a Participation Agreement but not including any person who is prohibited by law from being covered under the Plan or whose inclusion would adversely affect the tax qualified or exempt status of the Plan or Trust.

SEC. 5—The terms "Trust," "Trust Fund," "Fund," or "Pension Fund" shall mean the Trust Fund established pursuant to Article II hereof.

SEC. 6—The term "Employer Contributions" shall mean payments required of an Employer by the Collective Bargaining Agreement to the Trust Fund herein created and payments made by the United Food and Commercial Workers Unions and Employers Midwest Pension Fund, the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, the Union, the United Food and Commercial Workers Union State Council and the Illinois Food Retailers Association, pursuant to a Participation Agreement.

SEC. 7—The term "Plan" shall mean the Plan formulated in accordance with the provisions of Article VIII.

SEC. 8—The term "Trustees" shall mean those persons who are selected according to the provisions of Article III hereof, together with their successors selected in the manner prescribed by Article III and, who by virtue of their designation as Trustees shall also be "Named Fiduciaries" and "Plan Administrator" as defined under ERISA. The term "Trustee" shall also include an Alternate Trustee when acting in the place and stead of the regular Trustee.

SEC. 9—The term "ERISA" shall mean the Employee Retirement Income Security Act of 1974 as amended from time to time.

SEC. 10—The term "Participation Agreement" shall mean an agreement in form and content acceptable to the Trustees which evidence the commitment of the signatory thereto to be bound by the Trust Agreement and Plan.

SEC. 11—The term "Fund" shall mean the Trust and Plan maintained pursuant to this Trust Agreement and shall constitute the "Plan" for purposes of complying with Section 402 of ERISA and such other references in ERISA to a Plan.

### ARTICLE II—Creation and Name of Trust Fund

SECTION 1—The Union and the Employer hereby create and establish with the Trustees hereinafter designated a Trust to be known as "United Food and Commercial Workers Unions and Employers Midwest Pension Fund," which shall comprise the entire assets derived from Employer Contributions hereafter made to or for the account of this Trust Fund, together with all other assets, investments, and monies received from all other property, funds, assets, and monies received and held by the Trustees for the use, purposes, and trusts as set forth in this Agreement.

### ARTICLE III—Designation of Trustees

SECTION 1—The Fund shall be administered by a Board of Trustees made up of six Trustees, three of whom shall be representatives of the Employer, and three of whom shall be representatives of the Union. All of the assets of the Fund shall be held, managed, and controlled by the Board of Trustees. Each Trustee shall also be a Named Fiduciary within the meaning of ERISA and shall have the authority to control and manage the operation and administration of the Fund and Plan created thereunder. The Board of Trustees shall also constitute the "Plan Administrator" of this Trust and Plan established and maintained under the authority of this Trust Agreement and shall constitute the "Plan Sponsor," both terms being used as defined in Title I, Section 3 of ERISA.

SEC. 2—One Employer Trustee and one Alternate Employer Trustee shall be selected by Employers operating 25 or more stores in the area covered by the Trust, and one Employer Trustee and one Alternate Employer Trustee shall be selected by Employers operating less than 25 stores in the same area; a third Employer Trustee and a third Alternate Employer Trustee shall be selected by mutual consent of the Employer Trustee selected by Employers operating 25 or more stores and the Employer Trustee selected by Employers operating less than 25 stores in the area covered by the Trust. The Employer Trustees and Alternate Employer Trustees so designated or selected shall be mutually acceptable to both Employer groups and shall represent and act for and on behalf of all Employers. The three Employer Trustees shall select a fourth Alternate Employer Trustee from either Employer group. Three Union Trustees and four Alternate Union Trustees shall be selected by the Union. Alternate

—1—


EXHIBIT B

Trustees shall have the duties and responsibilities of Trustees when acting in place of Trustees, pursuant to Article IV, Section 3.

Sec. 3—Trustees shall serve without compensation from the Trust Fund, provided, however, that Trustees may be reimbursed by the Trust Fund for reasonable and necessary expenses incurred by them in the performance of their duties as Trustees.

Sec. 4—Each Trustee shall continue to serve during the existence of this Trust until his death, incapacity, resignation or removal.

Sec. 5—A Trustee may resign at any time by giving a thirty (30) day notice in writing to the remaining Trustees. At any time and for any reason, the Local Unions, who are parties to this Trust Agreement and who represent a majority of the Employees, shall have the right to remove and replace either or both of the Union Trustees and any or all of the Alternate Union Trustees. Similarly, either group of Employers as defined in Article III, Section 2, shall have the right to remove their respective designated Employer Trustee and Alternate Employer Trustee. The two Employer Trustees shall have the right to remove the third Alternate Employer Trustee. In such event, the party removing a Trustee shall give the other Trustees five (5) days written notice of such action and shall designate in such notice the successor Trustee.

In no event shall this Trust Fund or the operation of the Board of Trustees be impaired by the death, incapacity, resignation or removal of a Trustee and, in the event of a vacancy on the Board of Trustees, the remaining Trustees shall have full power to act until the designation of a successor Trustee.

Sec. 6—In the event of the death, incapacity, removal or resignation of an Employer Trustee or Alternate Employer Trustee, a successor shall be appointed within thirty (30) days by the party responsible therefor. In the event of the death, incapacity, removal or resignation of a Union Trustee, a successor shall be appointed within thirty (30) days by the Local Unions, who are parties to this Trust Agreement and who represent a majority of the Employees. Written notice of the appointment shall be served upon the other Trustees and parties within said time.

Any successor Trustee shall, immediately upon his designation as a successor Trustee and his acceptance thereof in writing, become vested with all the property, rights, powers and duties of a Trustee.

### ARTICLE IV—*Administration of Trust Fund*

Section 1—The funds shall be administered, controlled and supervised in accordance with this Trust Agreement, solely by the Board of Trustees.

Sec. 2—The Trustees shall meet whenever required for the orderly and timely administration of the business of the Fund at such location as may be acceptable to the Trustees. Any two Trustees may call a special meeting of the Board of Trustees by giving the other Trustees five (5) days' notice in writing of such meeting.

Sec. 3—At any meeting of the Trustees, two Trustees representing the Employer and two Trustees representing the Union shall constitute a quorum. If the Employer Trustee and Alternate Employer Trustee selected by Employers either operating 25 or more stores, or Employers operating less than 25 stores are absent, the Employer Trustee or Alternate Employer Trustees present at such meeting shall act only upon the written authorization of the absent Employer Trustee or Alternate Employer Trustee selected by Employers operating 25 or more stores, or Employers operating less than 25 stores, as the case may be; provided, however, that such Employer Trustee or Alternate Employer Trustees who are present may act if their action is ratified in writing by such absent Employer Trustee or Alternate Employer Trustee. The Union Trustees shall designate the order in which the Alternate Union Trustees shall act in the absence of two or more Union Trustees.

Sec. 4—(a) All decisions of the Board of Trustees pertaining solely to the administrative functions shall be by a majority of the votes cast.

(b) All decisions of the Board of Trustees regarding substantive issues such as those pertaining to Employee eligibility, retirement benefits, and actuarial assumptions, or to matters which affect the actuarial soundness of the Plan shall be by unanimous vote.

(c) Each Trustee shall have one vote, except that an Alternate cannot vote if his regular Trustee is present.

Sec. 5—At the commencement of each fiscal year of the Trust, the Trustees shall select from among them a chairman and a secretary who shall each serve for a period of one year. One officer shall be a Union Trustee and one officer shall be an Employer Trustee. The secretary shall keep an accurate record of the proceedings at all meetings of the Trustees, and of any action taken. The minutes of all meetings and a record of action taken shall be transcribed and retained by the Trustees.

Sec. 6—In the event that a majority of Trustees are unable to agree upon any matter in connection with the administrative functions of this Trust or if the Trustees are unable to reach a unanimous decision on a substantive issue, then the Trustees shall select a neutral person as an impartial arbitrator who is willing to act in the determination of such dispute. Where a majority vote is necessary, in the event that a majority of the Trustees fail to agree upon the selection of an impartial arbitrator, then any one or more of said Trustees may petition the U.S. District Court, Northern District of Illinois, Eastern Division for the appointment of an impartial umpire to decide such dispute.

Where a unanimous vote is necessary, in the event that the Trustees cannot unanimously agree upon the selection of an impartial arbitrator, then any one or more of said Trustees may petition the U.S. District Court, Northern District of Illinois, Eastern Division for the appointment of an impartial umpire to decide such dispute. The Trustees shall attempt to agree on the joint submission of a statement of the issue in dispute. However, if the Trustees cannot jointly agree upon such a statement, each group of Trustees shall submit to the impartial arbitrator or umpire, in writing, its version of the issue in dispute. The impartial arbitrator or umpire shall have the authority to render a discretionary decision in the same manner and to the same extent as the Trustees, as well as to interpret the Trust Agreement and Plan. As part of his decision, the impartial arbitrator or umpire shall state his determination as to the exact issue.

The decision of the arbitrator or umpire shall be final and binding upon the Trustees and upon all parties whose interests are affected thereby.

The procedure specified in this Section shall be the sole and exclusive procedure for the resolutions of deadlock issues. Any costs and attorneys' fees in connection with the foregoing shall be paid out of the Trust Fund, including any reasonable compensation to the impartial arbitrator or umpire.

Differences arising as to the interpretation or application of the provisions of this Trust Agreement, or relating to Employee benefits provided for hereunder, shall not be subject to the grievance or arbitration procedures established in the Collective Bargaining Agreement.

Sec. 7—No Union or Union State Council shall have any voice in the selection, election or designation or in the method of selection, election or designation of any Employer Trustee, notwithstanding that such Union or Union State Council may be making Employer Contributions to the Trust.

Sec. 8—In addition to the duties, authority and responsibilities imposed upon or given to the Trustees elsewhere in this Trust Agreement, said Trustees shall have the authority by motion or resolution, duly adopted at a meeting thereof in accordance with this Trust Agreement to:

(a) Allocate to one or more of said Trustees specific Trustee responsibilities, obligations or duties, as well as designated fiduciary responsibilities other than Trustee responsibilities. Such allocation of specific Trustee responsibilities may be made pursuant to the formulation of Trustee committees. Trustee committees shall consist of one (1) Employer Trustee and one (1) Union Trustee.

(b) Designate one or more persons other than Trustees to carry out any part of their fiduciary responsibilities, but may not delegate to any person who is not a Trustee any of their Trustee responsibilities.

Sec. 9—All decisions of a committee of the Board of Trustees, duly designated pursuant to Article IV, Section 8, shall be by unanimous vote. In the event of a deadlock, the matter voted upon by the committee shall be referred to the full Board of Trustees for decision.

### ARTICLE V—*Contributions and Defaults of Employer*

Section 1—Each Employer shall make continuing and proper reports and Contributions to the Trust Fund in accordance with this Agreement and Declaration of Trust and the Collective Bargaining Agreement.

A participating Employer shall be considered to be delinquent in the payment of Contributions if he (a) fails to submit a proper and detailed contribution reporting form, and the Contributions detailed therein, by the close of business on the due date, or (b) fails to submit Contributions on behalf of all the Employees for whom Contributions are required by the Collective Bargaining Agreement or special agreement, or (c) fails to compute properly the Contributions according to the required Contribution formula specified in the Collective Bargaining Agreement or special agreement.

Sec. 2—(a) The Trustees shall establish a uniform system among the Employers for the timely transmission of reports and Contributions and establish a periodic date on which such reports and Contributions shall be due.

(b) The Trustees shall notify any Employer of an apparent delinquency, mistake, or discrepancy in a report or Contribution.

(c) An Employer shall remain liable for the full amount of Contributions due during the period in default. The Trustees shall have the power to take any action necessary for the recovery of such Contributions and the enforcement of the Employer's obligations


hereunder. However, nothing contained herein shall be deemed to modify or limit, in any way, rights the Union may have under the terms of a Collective Bargaining Agreement to enforce collection of any amounts due the Trust.

(d) The parties recognize and acknowledge that the regular and prompt payment of Employer Contributions to the Trust is essential to the continued efficient administration of the Trust, and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the Trust which would result from the failure of an individual Employer to pay such monthly Contributions in full within the period established by the Trustees.

Therefore, the amount of damage to the Trust from such failure shall be presumed to be, for each month of delinquency, 10% of the amount of the Contribution or Contributions due for the first month of the delinquency and, in addition thereto, 1½% per month for each additional month said delinquency remains uncured. Liquidated damages for subsequent delinquent monthly Contributions, if any, shall be separately calculated for each separate month on the same basis as the first month and the total liquidated damages for all delinquent Contributions shall be cumulative and arrived at by adding the total of the liquidated damages calculated separately for each month of delinquent Contributions.

If the Trustees bring suit against any Employer to collect any delinquent Contribution or Contributions, the Employer also shall be liable for costs of filing said suit and reasonable attorneys' fees.

(e) The Employer, by appropriate action of the Trustees in the event of any previous defaults in his obligations to make timely reports and Contributions, may be required to keep on deposit with the Trustees an amount estimated to be equal to three (3) months' Contributions. The Trustees, by appropriate action, may require a new Employer, who hereafter becomes a party to this Agreement and Declaration of Trust, to keep on deposit with the Trustees an amount estimated to be equal to three (3) months' Contributions for the number of Employees which the new Employer expects to employ, but such deposit shall, in no event, be less than two hundred dollars ($200.00).

(f) In the event the Collective Bargaining Agreement contains provisions relating to delinquencies that specify additional remedies, or obligate the delinquent Employer to greater amounts of liquidated damages, interest, or attorneys' fees than those set forth herein, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquent accounts through the grievance-arbitration procedures (if any) provided for in the Collective Bargaining Agreement.

SEC. 3—The Trustees shall have the authority, at the expense of the Trust Fund, to audit the payroll books and records of a participating Employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program or on an individual basis.

Whenever a payroll audit is authorized, the participating Employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the Employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation of the Employees, or from which such can be verified.

In the event the payroll audit discloses that the participating Employer has not paid Contributions as required by the Collective Bargaining Agreement or special agreement, the Employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

### ARTICLE VI—Powers and Duties of Trustees

SECTION 1—The Trustees shall have general supervision of the operation of the Trust and shall conduct the business and activities of the Trust according to this Trust Agreement.

SEC. 2—The Trustees shall hold, manage, care for and protect the Trust Fund and collect the income therefrom and Contributions thereto.

SEC. 3—The Trustees shall have the power, in their sole discretion, to invest and re-invest the principal and income of the Trust Fund in such securities, common and preferred stock, mortgages, notes, real estate, or other property as shall be permissible investments for Trustees in the State of Illinois and under ERISA, and may sell or otherwise dispose of such securities or property at any time and from time to time as they so see fit; provided, however, the Trustees may, in their sole discretion, invest the Trust Fund or any part thereof in retirement annuity contracts, annuity contracts, retirement income contracts, group contracts, provided all such contracts are issued by legal reserve life insurance companies authorized to do business in the State of Illinois, as may be selected by the Trustees, for the purpose of providing for all or part of the benefits provided under this Trust. The Trustees shall have power (in addition to and not in limitation of common law and statutory authority) to exercise in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

SEC. 4—The Trustees may appoint one or more Investment Managers to supervise and direct the investment and re-investment of a portion or all of the Trust in accordance with the provisions of the Trust Agreement in the same manner and with the same powers, duties, obligations, responsibilities and limitations as apply to the Trustees as set forth herein. The term "Investment Manager" is defined pursuant to Title I, Section 3(38) of ERISA, and any such Investment Manager appointed by the Trustees shall be qualified to act as such under the aforesaid provisions of ERISA and as a condition to its appointment shall acknowledge in writing that it is a Fiduciary with respect to the Fund. The Trustees shall not be liable for the acts or omission of such Investment Manager or under any obligation to invest or otherwise manage any assets of the Fund which are subject to the management of such Investment Manager.

If a bank is appointed as the Investment Manager, a fiduciary agreement shall be executed between the bank and the Trustees setting forth the duties and powers of the bank. If an insurance company is selected as the Investment Manager, the Trustees shall execute appropriate contracts with the insurance company. The Investment Manager shall hold, invest and disburse all assets of the Pension Fund in accordance with the fiduciary agreement or the insurance contract and in compliance with the provisions of ERISA.

(a) The Trustees are authorized to deposit any part or all of the funds held under this Trust Agreement to be invested in any common, comingled or collective fund maintained under a trust that has been determined to meet the requirements of Section 401a, and is entitled to exemption from taxation under Section 501a of the Internal Revenue Code of 1954 (or a comparable section or sections of future legislation that amends, supplements or supersedes those sections of the code). The declaration of trust or the agreement under such common, co-mingled or collective fund is maintained, as amended, modified or supplemented, shall be deemed part of this Agreement.

SEC. 5—All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits shall be made in the name of the Trust. All such funds shall be disbursed only by check or draft, signed by at least one Trustee representing the Employers and one Trustee representing the Employees. No Trustee shall be liable in any manner for the failure of any depository selected by the Trustees in good faith, and in the exercise of reasonable business judgement.

SEC. 6—The Trustees shall keep true and accurate books of account and a record of all its transactions, meetings, and the actions taken at such meetings or by informal action of the Trustees.

SEC. 7—The Trustees shall procure an audit of the books of the Trust by a Certified Public Accountant not less frequently than once each year, and a copy of each such audit shall be furnished to each Trustee, and a copy of each such audit shall be kept available for inspection by authorized persons during business hours at the office of the Trust.

SEC. 8—A Trustee shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by him to be genuine and to contain a true statement of facts and to be signed or sent by the proper person.

SEC. 9—(a) Insofar as permitted by ERISA, no Trustee shall be liable for any act or action pursuant to this Trust in good faith taken, performed or omitted, nor for any act or action taken, performed or omitted by any person or firm with whom the Trustees contract for benefits hereunder (except that this shall not relieve the Trustees from their obligation to enforce any duties or obligations of such person or firm at the expense of the Trust), nor for any act or action taken, performed or omitted by an agent, employee, co-Trustee, actuary, certified public accountant, attorney or other professional consultant, without reasonable care, for any act or action taken, performed or omitted by any other Trustee, nor for any act or failure to act, except only for his own gross negligence or willful misconduct.

(b) Insofar as permitted by ERISA, in the exercise of their discretionary powers, the Trustees may act solely upon their own best judgement upon the facts brought to their attention without liability for errors of judgement and with complete immunity from liability for losses, damages or liability sustained by the Trust, the Employers, or by any Employee or his beneficiary, so long as the Trustees act in good faith.

SEC. 10—The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which it deems necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Agreement, and the Collective Bargaining Agreement creating the Fund. All rules and regulations adopted by majority action of the Trustees for the administration of the Trust Fund shall be binding upon all parties hereto, all parties dealing with the Trust and all persons claiming any benefits hereunder.

SEC. 11—Any successor Trustee appointed in accordance with the provisions of this Agreement, upon accepting in writing the terms of this Trust, shall be vested with all of the rights, powers and duties of his predecessor.

SEC. 12—No party dealing with the Trustees shall be obligated (a) to see to the application to the Trust purposes, herein stated, of any money or property belonging to the Trust Fund, or (b) to see that the terms of this Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the delivery of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Agreement, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

SEC. 13—The receipt given by the Trustees for any money or other properties received by them shall effectually discharge the person or persons paying or transferring the same, and such person or persons shall not thereafter be responsible for the use to which same is put or for the loss or misapplication thereof.

SEC. 14—The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law:

(a) To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund, and to do all acts as it, in its discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the employee involved.

(b) To keep property and securities registered in the name of the Trustees or in the name of a nominee or nominees or in unregistered or bearer form without disclosure of any fiduciary relationship.

(c) To establish and accumulate as part of the Trust Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purposes of such Trust.

(d) To pay out of the funds of the Trust all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property or securities forming a part thereof.

(e) To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

(f) To enter into reciprocal agreements with other Trust Funds on such terms as the Trustees may deem necessary or advisable provided the same are not inconsistent with the terms of this Agreement and Declaration of Trust.

SEC. 15—The Trustees shall use and apply the Trust Fund for the following purposes:

(a) To pay or provide for

(1) The payment of all reasonable and necessary expenses of collecting the Contributions and administering the affairs of this Trust, including the employment of such legal counsel, investment managers, medical consultants, field auditors, ERISA-qualified public accountants, enrolled actuaries, administrative, accounting and other assistants or employees as the Trustees, in their discretion, may find necessary or appropriate in carrying out the purposes of this Trust;

(2) The leasing of such premises as may be necessary for the operation of the affairs of the Trust; and

(3) The purchase or leasing of such materials, supplies and equipment as the Trustees, in their discretion, find necessary or appropriate to the performance of its duties.

(b) To pay or provide for the payment of benefits to eligible Employees in accordance with the terms, provisions and conditions of the Plan to be formulated and agreed upon hereunder by the Trustees.

SEC. 16—The Trustees, by majority action, shall have the power to construe the provisions of this Agreement and the terms and conditions of the Plan adopted by it; and any construction adopted by the Trustees in good faith shall be binding upon the Union, Employers, Employees, and all other persons.

SEC. 17—The Trustees, by resolution, shall provide for fidelity bonds, in such form and amounts as may be required by statute, for their Employees and for the Trustees who shall be authorized to withdraw moneys from the Trust Fund. If no such statutory requirement shall exist, such bonds shall be in such form and amounts as the Trustees may determine.

SEC. 18—The costs and expenses, including legal fees for any action, suit, or proceeding relating to the Trust which is brought against the Trustees, shall be paid as a general expense of the administration, provided, however, that such costs or expenses shall not be paid from the Trust Fund if it is adjudged in the action, suit or proceeding that the Trustees were guilty of gross negligence or willful misconduct.

SEC. 19—The Trustees shall have the power to purchase such insurance as they deem advisable for the protection of the assets of this Trust and of its Plans, as well as insurance of the type described in Section 410(b) of ERISA, and to pay the premiums therefor out of the assets of this Trust. In addition, they are authorized to obtain the bonding required by Section 412 of ERISA, and to pay the premiums therefor out of the assets of this Trust.

SEC. 20—The Trustees may sponsor participation of themselves, their alternates, employees and advisors, in educational conferences, seminars, or programs, and may in that regard incur, advance or reimburse reasonable expenses for registration, travel, hotel, food and other expenses.

SEC. 21—It is recognized that at some time or times in the future the Trustees may deem it in the best interest of this Trust Fund and of the participating Employers, Unions and Employees, to merge this Trust Fund into another employee benefit trust fund, or to accept the merger of another employee benefit trust fund into this Trust Fund. The Trustees shall have the authority to investigate, evaluate and negotiate any such merger and to enter into appropriate agreements to consummate the same.

If this Trust Fund should be merged into another employee benefit trust fund, the Trustees shall have the authority to terminate this Trust Fund and to transfer the remaining assets or liabilities to the other fund. If another employee benefit trust fund is merged into this Trust Fund, the Trustees shall have the authority to accept a transfer of assets or liabilities from the other trust.

### ARTICLE VII—*Controversies and Disputes*

SECTION 1—In any controversy, claim, demand, suit at law, or other proceeding between any Employee, beneficiary, or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Board, any instruments on file with the Board, with the Union, or with the Employers, any facts certified to the Trustees by the Union, or the Employers, any facts which are of public record, and any other evidence pertinent to the issue involved.

SEC. 2—All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Employee, or any other persons, or whether as to the construction of the language or meaning of the rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund, or otherwise, shall be submitted to the Trustees for decision, and the decision of a majority of the Trustees, if made in good faith, shall be binding upon all persons dealing with the Trust Fund or claiming any benefit hereunder.

SEC. 3—The Trustees may, in their sole discretion, compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees shall be conclusive and binding on all parties interested in this Trust.

### ARTICLE VIII—*Establishment of Plan*

SECTION 1—FORMULATION OF PLAN—The Trustees shall formulate a Plan for the payment of such retirement benefits as may be feasible and shall begin active operation of such Plan as soon as possible. Such Plan shall at all times conform to the applicable sections of the then applicable Internal Revenue Code for purposes of tax deduction and the Collective Bargaining Agreement between the parties. Said Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation: conditions of eligibility for covered Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any Employee.

SEC. 2—ASSISTANCE FOR DRAFTING PLAN—The Board may consult with or employ such actuarial and other experts as they deem necessary for the proper formulation and operation of said Plan.

SEC. 3—COPIES OF PLAN AND NOTICES—A copy of such Plan shall be adopted and filed by the Trustees as part of the records and minutes of the Board and copies of such Plan shall be distributed to the Union and to the Employers.

—4—

### ARTICLE IX—Amendments

SECTION 1—This Agreement and Declaration of Trust may be amended in writing at any time as follows: A majority of the Trustees shall first concur in the amendment and thereafter submit same in writing to all of the parties hereto. Within thirty days after date of mailing of said amendment, any party hereto may present in writing to the Trustees his objection thereto. If a majority of the parties hereto, or the Employers of a majority of the Employees covered by this Trust Agreement present such objection, then the amendment shall not become effective.

If, however, within the aforesaid time period, a majority of the parties hereto or the Employers of a majority of Employees covered by this Trust Agreement do not present such objection, then the amendment shall become effective as of the effective date set forth in the amendment. In no event shall this Agreement be amended so as to change the purposes herein stated, or permit the diversion or application of any of the Trust Fund for any other purpose.

### ARTICLE X—Spendthrift Clause

SECTION 1—All benefit payments to Employees, if and when payments shall become due, shall, except as to persons under legal disability, be paid to such Employees in person and shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution, or levy of any kind, either voluntary or involuntary including any such liability which is for alimony or other payments for the support of a spouse or former spouse, or for the support of any other relative of an Employee, prior to actually being received by the person entitled to the benefit, and any attempt to anticipate, alienate, sell, transfer, assign, pledge, encumber, charge or otherwise dispose of any right to benefits payable hereunder, shall be void. The Pension Fund shall not in any manner be liable for, or subject to, the debts, contracts, liabilities, engagements or torts of any person entitled to benefits hereunder. Notwithstanding the foregoing, deductions may be made from monthly Pension payments upon the pensioner's filing of a written request and authorization therefor with the Trustees on a form prescribed by the Trustees, provided that such authorized deductions constitute (a) amounts withheld for federal tax purposes, (b) with the concurrence of the Trustees of the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, health benefit contributions to said Fund, or (c) payments which, in the opinion of the Trustees of this Fund, would serve as an administrative convenience to the pensioner and are deemed by the Trustees as not inconsistent with the purposes of the preceding clauses (a) and (b), insofar as the provisions of ERISA permit.

### ARTICLE XI—Incompetency

SECTION 1—If, in the opinion of the Trustees, any retired Employee is unable to care for his affairs because of mental or physical incapacity, the Trustees may pay the benefits due such pensioner to his legal guardian, or legal representative; or, in the absence of any of them, to any relative by blood or by marriage who is deemed by the Trustees to be equitably entitled thereto. Payment by the Trustees to such legal representative or relative of the pensioner shall operate to discharge the Trustees from any liability to such pensioner or to anyone representing him or his interest.

### ARTICLE XII—Termination

SECTION 1—The Trustees may terminate the Trust and the Plan at any time and, in the event of such termination, the assets of the Pension Fund shall be liquidated, after provision is made for the expenses of liquidation, by the payment (or provision for the payment) of benefits accrued prior to the date of termination in the manner and order of preference set forth in the Plan adopted by the Trustees.

SEC. 2—In the event the Trust hereby created is subject to the Rule against Perpetuities as existing in the law of the State of Illinois at the time in this sentence fixed for termination of the Trust, the Trust shall terminate twenty (20) years after the date of the death of the last Employee covered by this Agreement at the time of the execution of this Agreement; otherwise, this Trust shall have perpetual existence except as provided in the next preceding paragraph hereof.

### ARTICLE XIII—Extension of Plan

SECTION 1—The Trustees are authorized to extend the coverage of the Agreement and Trust to such other Employers and Employees as the Trustees shall agree upon, provided such Employers and Employees are required to conform to the terms and conditions of the Trust.

The Trustees shall approve a business organization's participation herein only if such participation will not adversely affect the actuarial soundness of the Pension Fund, as determined by the Trustees after consultation with the actuaries for the Pension Fund. To enable the Trustees to make such determination, each Union seeking approval of a new Employer shall be required to furnish the name, date of birth and employment history of such Employee then covered by the Collective Bargaining Agreement between the Union and the new Employer.

Any business organizations accepted as an Employer after the Effective Date may be required to sign, along with the Union, a Participation Agreement approved by the Trustees which sets forth the full details of the basis for Contributions to the Pension Fund and the basis for acceptance as an Employer.

When an Employer is accepted for participation, the Trustees may, in writing, impose on such acceptance any terms and conditions they consider necessary to preserve the actuarial soundness of the Pension Fund and to preserve an equitable relationship between the Contributions made by the other Employers then participating in the Plan and the benefits payable to the Employees of such other Employers. Such conditions may include, but shall not be limited to, the imposition of special waiting periods before the commencement of benefits and/or the granting of a lower scale of benefits.

### ARTICLE XIV—Vesting of Rights

SECTION 1—No Employee shall have any right to, or interest in, any of the assets of the Pension Fund upon termination of his employment or otherwise, except as provided from time to time under the Plan, and then only to the extent of the benefits payable to such Employee out of the Pension Fund. All payments of benefits as provided for in the Plan shall be made solely out of the assets of the Pension Fund and the Employers shall not be liable therefor in any manner. No Contributions to be made hereunder shall be deemed wages due any Employee.

### ARTICLE XV—Miscellaneous

SECTION 1—In no event shall the Employers, directly or indirectly, receive any refund of Contributions made by them to the Trust, except in case of bona fide mistake, nor shall such Employers directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment to the Trustees, all responsibilities of the Employers for each Contribution shall cease and the Employers shall have no responsibilities for the acts of the Trustees. No Employees shall have any individual right, title, interest or claim against any Employer, Employer's Contribution, or the Trust Fund, except as may be expressly provided for in this Agreement.

SEC. 2—In the event any question or dispute shall arise as to the proper person or persons to whom any payments shall be made hereunder, the Trustees may withhold such payment until an adjudication of such question or dispute, satisfactory to the Trustees, in their sole discretion, shall have been made, or the Trustees shall have been adequately indemnified against loss to their satisfaction.

SEC. 3—Where used in this Agreement, words in the masculine shall be read and construed as in the feminine, and words in the singular shall be read and construed as though used in the plural, in all cases where such construction would so apply.

SEC. 4—The Article titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Agreement or be construed as part hereof.

SEC. 5—This Trust is accepted by the Trustees in the State of Illinois and all questions pertaining to its validity, construction and administration shall be determined in accordance with the laws of such State.

SEC. 6—This Trust shall continue during the term of such Collective Bargaining Agreements as referred to in Article I, Section 1, and during the term of any renewal or extension of such Collective Bargaining Agreements, or any succeeding Collective Bargaining Agreements, which provide for the continuation of such Trust.

SEC. 7—Where used in this Agreement, the phrase "parties hereto" shall be read and construed to include all parties (Employers and Unions) entering into like Agreements and the phrase "this Trust Agreement" shall be read and construed to include like Agreements and Declarations of Trust entered into by other Employers and Unions as defined herein.

SEC. 8—Upon the termination of the Trust, the Trustees shall continue in such capacity for the purpose of dissolution with full powers as herein provided and may execute any and all instruments which may be required.

SEC. 9—Should any provision of this Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of the Plan. No Trustee shall be held liable for any act done or performed in pursuance of any provision hereof prior to the time such act or provision shall be held unlawful by a court of competent jurisdiction.

### ARTICLE XVI—Unclaimed Benefits

SECTION 1—If a Participant or his beneficiary who is entitled to receive benefits under the Plan fails to accept such benefits and/or fails to demonstrate an interest in such benefits, in person or in writing, then any and all benefits for such Participant or beneficiary will be held under the Plan to prevent escheat unless prohibited by law.

For the purposes of this Article, it will be sufficient proof of a person's failure to demonstrate interest in his benefit if it can be shown that notices sent by registered or certified mail to the last known address of the person, his designated beneficiary, or his executor or administrator could not be delivered.

### ARTICLE XVII—Effective Date

Notwithstanding anything herein contained, the provisions of the Agreement and Declaration of Trust shall be effective _____ _____, 19 _____.

IN WITNESS WHEREOF, the Union and the Employers by their duly-designated representatives, and the Trustees, in order to evidence their acceptance of the Trust hereby imposed, have caused this Agreement and Declaration of Trust to be executed this _____ day of _____, 19 _____.

As amended through Amendment XII.

EMPLOYER:

UNION:

APPROVED AND ACCEPTED

REGULAR TRUSTEES

Employer:

Union:

ALTERNATE TRUSTEES

Employer:

Union:

458

261-1091001

—3—