UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD E. POWELL, KENNETH R. BOYD, D. TROV PRUITT, BRIAN JORDAN, JAMES V. MORGAN and JOHN DOUGHERTY,** as Trustees on behalf of **UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND,**<br><br>Plaintiffs,<br><br>**GILMAN NURSING CENTER, LLC a/k/a GILMAN NURSING HOME, LLC.**<br><br>Defendant. | Case No. :  07 CV 6181<br><br>Judge Blanche M. Manning |

## ANSWER TO FIRST AMENDED COMPLAINT

Now Comes Defendant, GILMAN NURSING CENTER, LLC a/k/a GILMAN NURSING HOME, LLC. by and through its attorneys Robert R. Benjamin and John M. Brom of Querrey & Harrow and in Answer to the Amended Complaint states as follows:

1. This action is brought by Plaintiffs, as Trustees of the MIDWEST PENSION FUND, for the purpose of securing payment of pension benefits contributions from GILMAN, pursuant to the terms of a Collective Bargaining Agreement C'CBA'J). The CBA for the term July I, 2005 through July 1, 2008 was entered into between GILMAN, as Employer, and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 1546, chartered by UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO, CLC (hereinafter, "Local 1546"). A copy of the CBA is, attached hereto as Exhibit "A".

**ANSWER:**   Defendant neither admits nor denies the allegations of Paragraph 1 of the Amended Complaint because the allegations seek to interpret or paraphrase a document that speaks for itself.

2. This action is governed by the Employee Retirement Income Security Act of 1974 as amended (hereinafter, "ERISA"), 29 U.S.C. § 1001 et seq., particularly sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (hereinafter, "LMRA"), 29 U.S.C. § 185(a).

**ANSWER:**   Defendant admits the allegations of paragraph 2 of the Amended Complaint.

     3.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(f) and 29 U.S.C. § 185, as well as general federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**   Defendant admits the allegations of paragraph 3 of the Amended Complaint.

     4.    Venue is established within the geographic jurisdiction of this Court pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e)(2), as this is the district in which the MIDWEST PENSION FUND is administered.

**ANSWER:**   Defendant admits the allegations of paragraph 2 of the Amended Complaint.

## THE PARTIES

     5.    Plaintiffs herein are Trustees of the MIDWEST PENSION FUND, which is established and operates pursuant to an Agreement and Declaration of Trust (hereinafter, "Trust Agreement") for the purpose of providing pension benefits for employees. A copy of the Trust Agreement is attached hereto as Exhibit "B." The MIDWEST PENSION FUND is a multiemployer benefits fund within the meaning of ERISA, 29 U.S.C. § 1001 et seq. The MIDWEST PENSION FUND has its principal office at 1300 West Higgins Road, Park Ridge, 111inois, and is administered from that location.

**ANSWER:**   Defendant has insufficient information to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint and therefore denies same and demands strict proof thereof.

     6.    At all times material hereto, Defendant, GILMAN, engaged in interstate commerce or in an industry or activity affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(11) and (12). At all times material hereto, GILMAN operated a nursing home in Gilman, Illinois.

**ANSWER:**   Defendant admits that it operates a nursing home in Gilman, Illinois; further answering Paragraph 6 of the Amended Complaint Defendant denies each and every of the remaining allegations.

## COUNT I
### (Action to Collect Unpaid Contributions and Liquidated Damages)

7. Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs I through 6 of the Complaint.

**ANSWER:** Defendant repeats and realleges its Answers to Paragraphs 1 through 6 of the Amended Complaint as its Answer to Paragraph 7.

8. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g), the CBA, and the Trust Agreement, Plaintiffs are empowered to take all necessary action to recover all contributions due, together with interest, liquidated damages, reasonable attorneys' fees, and court costs.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 8 of the Amended Complaint because it seeks to interpret or paraphrase a statute which speaks for itself.

9. Article V of the Trust Agreement requires the payment of liquidated damages by GILMAN to the Fund for each month a delinquency exists. Such liquidated damages have been established at 10% of the amount of contributions due for the first month of the delinquency and, in addition thereto, 1 ½ % for each additional month such delinquency remains outstanding. Said article also provides that the Employer shall be liable for the cost of filing suit and reasonable attorneys' fees.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 9 of the Amended Complaint because the allegations seek to repeat or paraphrase a document that speaks for itself.

10. MIDWEST PENSION FUND is a third-party beneficiary to the CBA because it is designated by the CBA to receive contributions to be used to provide pension benefits for employees covered by the CBA.

**ANSWER:** Defendant has insufficient information with which to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint and therefore denies same and demands strict proof thereof.

11. Plaintiffs have performed all the conditions required to be performed pursuant to the terms of said Agreements.

**ANSWER:** Defendant has insufficient information with which to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint and therefore denies same and demands strict proof thereof.

      12.    As of the present, GILMAN has failed to make pension contributions to the MIDWEST PENSION FUND for the months of November 2006 through November 2007 and is therefore delinquent and in breach of the CBA in the amount of, at least, $16,954.88, plus liquidated damages and interest.

**ANSWER:** Defendant has insufficient information with which to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint and therefore denies same and demands strict proof thereof.

      13.    In view of the foregoing, GILMAN owes the MIDWEST PENSION FUND contributions in the amount of, at least, $]6,954.88 for the above-mentioned months, which have not yet been paid, as well as liquidated damages, interest, and attorneys' fees.

**ANSWER:** Defendant has insufficient information with which to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint and therefore denies same and demands strict proof thereof.

WHEREFORE Defendant GILMAN NURSING CENTER, LLC a/k/a GILMAN NURSING HOME LLC prays that the Amended Complaint be dismissed.

                                                      GILMAN NURSING CENTER, LLC
                                                      a/k/a GILMAN NURSING HOME LLC
                                                      By: /s/ Robert R. Benjamin_____
                                                          One of its attorneys

Robert R. Benjamin (ARDC # 10070429)
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, Illinois 60604
Telephone: 312.540.7000
Facsimile:  312.540.0578